1

2

3

4

5

6

7

8                              IN THE UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ARVELL JAMES IRVING,                        1:11-cv-1417-AWI-BAM (PC)

12              Plaintiff,                        FINDINGS AND RECOMMENDATION TO
                                                  DISMISS CASE FOR FAILURE TO OBEY A
13        vs.                                     COURT ORDER

14   PAAT, et al.                                 OBJECTIONS, IF ANY, DUE IN TWENTY
                                                  DAYS
15              Defendants.

16   _____/

17

18        On October 11, 2011, the court issued a second order re consent or request for reassignment

19   to be returned within thirty (30) days.  The thirty (30)-day period has now expired, and plaintiff has

20   not filed a consent or decline or otherwise responded to the court's order.

21        Local Rule 110 provides that "failure of counsel or of a party to comply with these Local

22   Rules or with any order of the Court may be grounds for the imposition by the Court of any and all

23   sanctions . . . within the inherent power of the Court."  District courts have the inherent power to

24   control their dockets and "in the exercise of that power, they may impose sanctions including, where

25   appropriate . . . dismissal of a case."  <u>Thompson v. Housing Auth.</u>, 782 F.2d 829, 831 (9th Cir.

26   1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an

                                                 −1−

1    action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v.

2    Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v.

3    Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order

4    requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir.

5    1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised

6    of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure

7    to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal

8    for failure to lack of prosecution and failure to comply with local rules).

9          In determining whether to dismiss an action for lack of prosecution, failure to obey a court

10   order, or failure to comply with local rules, the court must consider several factors: (1) the public's

11   interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk

12   of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and

13   (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at

14   1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

15         In the instant case, the court finds that the public's interest in expeditiously resolving this

16   litigation and the court's interest in managing the docket weigh in favor of dismissal.  The third

17   factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of

18   injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air

19   West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of

20   cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.

21   Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal

22   satisfies the "consideration of alternatives" requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262;

23   Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.  The court's order expressly stated: "Failure

24   to comply with this order will result in a recommendation that this action be dismissed."  Thus,

25   plaintiff had adequate warning that dismissal would result from his noncompliance with the court's

26   order.

1    Accordingly, the court HEREBY RECOMMENDS that this action be dismissed based on

2    plaintiff's failure to obey the court's order of October 11, 2011.

3    These findings and recommendations are submitted to the United States District Judge

4    assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty days

5    after being served with these findings and recommendations, plaintiff may file written objections

6    with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings

7    and Recommendations."  The parties are advised that failure to file objections within the specified

8    time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th

9    Cir. 1991).

10    IT IS SO ORDERED.

11   **Dated:    January 9, 2012**                           **/s/ Barbara A. McAuliffe**
                                                                        UNITED STATES MAGISTRATE JUDGE

–3–